For the Defendants:

    a.    **Christopher Manning**, a defendant in this matter, will testify with regard to the allegations made against him in the complaint, including a description of the events giving rise to this lawsuit.

    b.    **Carlos Ocasio**, a defendant in this matter, will testify with regard to the allegations made against him in the complaint, including a description of the events giving rise to this lawsuit.

    c.    **Felix Ortiz**, , a defendant in this matter, will testify with regard to the allegations made against him in the complaint, including a description of the events giving rise to this lawsuit.

    d.    **Pedro Cruz**, is a plaintiff in this matter and will testify concerning the allegations made in his complaint, as well as the circumstances surrounding the subject incident and the effect of same upon him.

    e.    **Glorimel Rosa**, will testify concerning the circumstances surrounding the subject incident, and the effect of same upon the plaintiff, Pedro Cruz.

    f.    **Jeffrey Pianka**, is a plaintiff in this matter and will testify concerning the allegations made in his complaint, as well as the circumstances surrounding the subject incident and the effect of same upon him.

    g.    **Officer Pedro Rivera**, will testify concerning his knowledge of the circumstances surrounding the subject incident.

    h.    **Officer Dennis O'Connor**, will testify concerning his knowledge of the circumstances surrounding the subject incident.

    i.    **Sergeant Patrick Jobes**, will testify concerning his knowledge of the circumstances surrounding the subject incident.

    j.    **Officer James Buyak**, will testify concerning his knowledge of the circumstances surrounding the subject incident.

    k.    **Officer Nathaniel Ortiz**, will testify concerning his knowledge of the circumstances surrounding the subject incident.

    l.    **Officer David Dufault**, will testify concerning his knowledge of the circumstances surrounding the subject incident.

    m.    **Kenneth Longe,** Hartford Police Department, Dispatcher, who will describe the radio transmissions concerning the subject incident and his knowledge re: same.

n. **Deborah Saucier,** Hartford Police Department, Dispatcher, who will describe the radio transmissions concerning the subject incident and his knowledge re: same.

The defendants reserve their right to amend or supplement this list as further information and materials are exchanged between the parties in the course of trial preparation. The defendants reserve their right to call any witnesses identified by the plaintiffs in their list.

**11.    EXHIBITS:**

<u>For the Plaintiff</u>:

**OBJECTIONS TO THE PLAINTIFFS' EXHIBITS:**

**The defendants, Manning, Ocasio and Ortiz, hereby submit their objections to the plaintiffs' exhibits, identified in this list. The parties have not exchanged a set of their exhibits. Most, if not all, of these exhibits have not been provided to the defendants during the discovery process. The defendants' objections are, therefore, based on their best efforts to identify the plaintiffs' exhibits from the documents in their possession. Accordingly, to the extent necessary, the defendants request leave to supplement their objections within a reasonable time, after receiving a set of the plaintiffs' exhibits.**

**For the reasons set forth below, the Court should sustain the defendants' objections and preclude the plaintiffs' exhibits from being introduced into evidence at trial as requested.**

<div align="center">

**GENERAL OBJECTIONS**

</div>

**1.    Absent a set of the plaintiff's exhibits, the defendants object to the plaintiff's exhibits for lack of completeness. Fed. R. Evid. 106. Upon receipt of a set of the plaintiff's exhibits, the defendants will determine whether it is possible to withdraw this objection.**

**2.    The defendants reserve the right to object to the admission of each exhibit at trial based on a lack of foundation for the admission of the exhibit.**

**3.    As part of their designation of exhibits, the defendants designated all exhibits listed by the plaintiff. Although the defendants may object to an exhibit being introduced by the plaintiff, they reserve the right to attempt to introduce an exhibit as part of their case.**

**4.    Absent a set of the plaintiff's exhibits, the defendants reserve the right to object to an exhibit as being illegible.**

5. Absent a set of the plaintiff's exhibits, the defendants reserve the right to object to an exhibit as being multiple documents.

6. Absent a set of the plaintiff's exhibits, the defendants object to an exhibit if it has any handwritten or typed notes or comments on it. Such notes would be hearsay at a minimum. They might also be irrelevant and immaterial. Fed. R. Evid. 401, 402. Any probative value from such notes would be substantially outweighed by the prejudicial effect. Fed. R. Evid. 403.

7. To the extent an exhibit is the subject of one or more of the defendants' motions in limine, the arguments set forth in the motions are incorporated by reference as if set forth in full herein. The motions are being filed contemporaneously with these objections.

8. The defendants object to the introduction of multiple copies of the same exhibit. The plaintiff has designated multiple copies of several exhibits. If an exhibit is admissible, at most only one copy should be introduced by each party.

9. The defendants object to any exhibit having joint appendix page references, exhibit/attachment labels or exhibit cover pages included with the exhibit. There is no need for a reference to other proceedings or depositions within this case or in other courts.

 1. Connecticut Uniform Police Incident Report, Police Case Number 98-6335

 2. Report, I. A. D. Number 98-14.

**OBJECTION:** Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.

 3. Criminal Information of Pedro Cruz

 4. Criminal Information of Jeffrey Pianka

 5. Jeffrey Pianka's citizen complaint and records regarding Officer Ortiz

**OBJECTION:** Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.

 6. Photograph of the Plaintiff's Apartment

 7. Diagram of apartment area, first floor

**OBJECTION:** Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.

8. Diagram of apartment area, second floor

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

9. Photograph of stairs

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

10. Photograph of hallway

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

11. Photograph of crib/stains on wall

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

12. Photograph of bloodstains

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

13. Photograph of bloodstains

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

14. Photograph of blood on floor

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

15. Photograph of blood on floor board

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

16. Photograph of blood on paneling

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

17. Photograph of blood wall & floor

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

18. Photograph of bloodstains

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

19. Photograph back of head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

20. Photograph side of head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

21. Photograph side of head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

22. Photograph of chin

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

23. Photograph of face

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

24. Photograph of chin and lip

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

25. Photograph of ear

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

26. Photograph of side

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

27. Photograph of side and arm

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

28. Photograph of lip

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

29. Photograph of side of head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

30. Photograph of baby

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

31. Photograph, Cruz back

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

32. Photograph, front walkway

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

33. Photograph, front walkway

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

34. Photograph head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

35. Photograph of head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

36. Photograph of head

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

37. Photograph of arm / doorway

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

38. Photograph chest / lower face

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

39. Photograph of nightstick

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative (until photographs have been exchanged and reviewed). F.R. Evid. 401, 402, 403, 801, 802.**

40. Excerpts from the deposition of Jeffrey Pianka

41. Excerpts from the deposition of Pedro Cruz

42. Excerpts from the criminal trial testimony of Glorimel Rosa

43. Defendant Christopher Manning's application for federal employment

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

44. Hartford Police Dispatch summary records for February 7, 1998

45. Hartford Police Use of Force Manual

46. Diagram of human body from Hartford Police Use of Force Manual

47. Medical records, Jeffrey Pianka

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

48. Medical records, Pedro Cruz

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 402, 801, 802.**

49. Medical records, Marcello Cruz

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

50. Hospital bills for Jeffrey Pianka

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

51. Hospital bills for Marcello Cruz

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

52. Hospital bills for Pedro Cruz

**OBJECTION:** **Hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 403, 801, 802.**

53. Retainer agreement for this matter, Jeffrey Pianka

**OBJECTION:** **Hearsay; relevance; not for trial purposes. F.R. Evid. 401, 402, 403, 801, 802.**

54. Retainer agreement, for this matter, Pedro Cruz

**OBJECTION:** **Hearsay; relevance; not for trial purposes. F.R. Evid. 401, 402, 403, 801, 802.**

55. Retainer agreement, for representation in criminal matter, Jeffrey Pianka

**OBJECTION:** **Hearsay; relevance; not for trial purposes. F.R. Evid. 401, 402, 403, 801, 802.**

56. Retainer agreement, for representation in criminal matter, Pedro Cruz

**OBJECTION:** **Hearsay; relevance; not for trial purposes. F.R. Evid. 401, 402, 403, 801, 802.**

57. Legal bills for services in criminal matter for Jeffrey Pianka

58. Legal bills incurred by the plaintiffs for representation in the current civil matter.

**OBJECTION:** **Hearsay; relevance. F.R. Evid. 401, 402, 403, 801, 802.**

The plaintiffs reserve the right to supplement, delete or amend their list of exhibits, subject to further disclosure and discussions between the parties.

For the Defendants:

1. Incident Report of Carlos Ocasio and Felix Ortiz.

2. HPD Form 60; Use of Non-Legal Force Report by Christopher Manning

3. HPD Form 60; Use of Non-Legal Force Report by Carlos Ocasio

4. HPD Form 60; Use of Non-Legal Force Report by Felix Ortiz

5. Report of Christopher Manning for the subject incident

6. Transcript of Hartford Police Department Dispatch Tape, as to the subject incident

7. Incident Report of Felix Ortiz for the subject incident

28

    8.      Relevant portions of the deposition transcript of the plaintiff, Pedro Cruz

    9.      Relevant portions of the deposition transcript of the plaintiff, Jeffrey Pianka

    10.      Relevant portions of the transcript of the underlying criminal trial of both plaintiffs

**OBJECTION:**      **Subject to more specific identification of the portions sought to be introduced, hearsay; relevance; materiality; more prejudicial or potentially confusing than probative. F.R. Evid. 401, 402, 402, 403, 801, 802.**

The defendants reserve their rights to amend or supplement this list as further information and materials are exchanged between the parties in the course of trial preparation. The defendants reserve their right to offer any exhibits identified by the plaintiff in their list.

## 12. REQUESTS FOR JURY INSTRUCTIONS:

See the parties' requests for jury instructions attached to the Joint Trial Memorandum at Tabs C & D, respectively.

## 13. ANTICIPATED EVIDENTIARY PROBLEMS:

Plaintiffs foresee problems relating to the admissibility of evidence that Defendant Christopher Manning applied to work for the Federal Bureau of Investigation following this incident and did not disclose either the civil rights action or the pending internal affairs violation on said application, Plaintiffs anticipate using this information to impeach Manning's credibility. Plaintiffs also anticipate objecting to admission of testimony or evidence detailing the defendants' employment, other than the fact of it.

The defendants will object to the witnesses and exhibits, as identified herein, and reserve their right to file further objections as exhibits are exchanged.

## 14. PROPOSED FINDINGS AND CONCLUSIONS (NON-JURY TRIALS):

    a.      Proposed Findings of Fact:

Not applicable.

b. Proposed Conclusions of Law:

Not applicable.

## 15. EXPECTED TRIAL TIME:

Four days

## 16. FURTHER PROCEEDINGS REQUIRED:

In accordance with the Court's endorsement order of May 6, 2002, the defendants will file a Motion to Bifurcate the issue of punitive damages. The plaintiffs intend to object to same.

Additionally, as exhibits are exchanged in the course of final trial preparation, the plaintiffs and defendants reserve their right to file appropriate motions in limine.

## 17. ELECTION FOR TRIAL BY MAGISTRATE:

The parties have not agreed to trial of this lawsuit before a United States Magistrate Judge.

## 18. STATEMENT IN LIEU OF OPENING STATEMENT:

This is a civil rights action brought pursuant to 42 U.S.C. §§1983 and 1988, Article 1, Sections 4, 5, 7 & 9 of the Connecticut Constitution and the First, Fourth and Fourteenth Amendments to the U.S. Constitution for alleged violations of civil rights by Hartford police officers. Plaintiff Cruz claims that the Defendants illegally entered his home without a warrant and without contemporaneous exigent circumstances thereby violating his rights and also by retaliating against him for asking them to leave by

illegally seizing and imprisoning him and using excessive and unreasonable force in the process. Plaintiff Pianka claims that the defendants retaliated against him when he requested that the assault on Cruz cease, by using excessive and unreasonable force and falsely arresting and imprisoning him. The Plaintiffs seek damages pursuant to 42 U.S.C. §§1983 and 1988 and Connecticut Common and Constitutional Law. The defendants maintain that they did not knowingly violate the plaintiffs' constitutional or statutory rights and that they acted in an objectively reasonable manner under the circumstances.

**19.    LIMITING INSTRUCTIONS:**

None anticipated at this time.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| *[signature]* | *[signature]* |
| Jon Schoenhorn, Esq. | James J. Szerejko |
| Jon Schoenhorn & Associates, LLC | Halloran & Sage LLP |
| 108 Oak Street | One Goodwin Square |
| Hartford, CT 06106 | Hartford, CT 06103 |
| Tel.:(860) 278-3500 | Tel: (860) 522-6103 |
| Federal Bar #CT00119 | Federal Bar #CT04326 |
| E-mail: civlrights@aol.com | E-mail: Szerejko@halloran-sage.com |

