UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY PIANKA; | : | |
| PEDRO CRUZ; | : | |
| Plaintiffs | : | CIVIL ACTION NO. |
| | : | 3:01 CV 153 (AWT) |
| VS. | : | |
| | : | |
| CHRISTOPHER MANNING; | : | |
| CARLOS OCASIO; | : | |
| FELIX ORTIZ; | : | |
| Defendants | : | SEPTEMBER 7, 2006 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, the defendants, Christopher Manning, Carlos Ocasio and Felix Ortiz, submit the following requests for jury instructions. The defendants reserve the right to supplement, modify and/or withdraw these requested instructions, as trial preparation continues.

## PRELIMINARY STATEMENT

The defendants' proposed jury instructions do not contain any instructions regarding the issue of federal qualified immunity. The defendants continue to maintain that at a minimum, they are entitled to qualified immunity, as a matter of law. They are continuing to analyze whether it would be appropriate to submit the issue of qualified immunity to the jury in this case and reserve the right to request a jury instruction on qualified immunity at a possible appropriate time in the future.

**PROPOSED JURY INSTRUCTION NO. ONE:**
**SYMPATHY[1]**


Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

---

1        Leonard B. Sand, et al.  Modern Federal Jury Instructions, ¶ 71.01 at 71-20 (1995) (hereinafter "3 Sand").

**PROPOSED JURY INSTRUCTION NO. TWO:**
**PUBLICITY DURING THE TRIAL[2]**

If there is publicity about this trial, you must ignore it.  Do not read anything or

listen to any television or radio programs about the case.  You must decide this case

only from the evidence presented in the trial.

---

[2]     3 Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, <u>Federal Jury
Practice and Instructions: Civil</u>, § 101.19, at 45 (5th ed. 2000) (hereinafter "3 O'Malley").

**PROPOSED JURY INSTRUCTION NO. THREE:**
**IMPEACHMENT BY CONVICTION OF CRIME[3]**


You have heard evidence that the plaintiff, Pedro Cruz, was convicted of a felony.  Evidence of a witness' prior conviction of a felony may be considered by you only insofar as it may affect the credibility of the witness.  You may use that evidence only to help you decide whether to believe that witness and how much weight, if any, to give that witness' testimony.

---

[3]     Adapted from 3 O'Malley, § 102.44 at 94-96.  <u>See</u> Fed. R. Evid. 609.

**PROPOSED JURY INSTRUCTION NO. FOUR:**
**CONSIDERATION OF THE EVIDENCE**

I am now going to instruct you as to what is part of the evidence in this case for you to consider in reaching a verdict.

The evidence in this case consists of the sworn testimony of each of the witnesses, regardless of which party called the witnesses.  It also consists of each document that was admitted into evidence by the Court as an exhibit, regardless of which party submitted the document.

Some evidence is admitted for a limited purpose only.  When I instructed you during the trial that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and for no other.[4]

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.  Finally, you must decide the case, not on the basis of fragments or parts of the evidence, but upon the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[5]

---

[4]    3 Edward J. Devitt, et al., <u>Federal Jury Practice and Instructions</u>, § 70.03, at 8 (4th ed. 1987) (hereinafter "Devitt").  <u>See</u> Ninth Circuit Pattern Jury Instructions, Instructions Nos. 1.3-1.6, 3.2-3.3, 3.5.

[5]    Devitt, § 70.03, at 7-8.

I am now going to instruct you as to what is not evidence in this case. Any evidence as to which an objection is sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by you.[6] If I sustained an objection to a question addressed to a witness, you are to disregard the question entirely -- you are not to draw any inference from the wording of the question, or speculate as to what the witness would have said if permitted to answer the question.[7]

Anything you may have heard or seen outside the courtroom is not evidence, and must be entirely disregarded.[8]

Furthermore, statements and arguments of counsel are not evidence in this case, unless made as an agreement or stipulation of fact.[9] In particular, statements made by counsel in their opening or closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers.

It is the duty and the right of counsel to address you and explain the testimony to enable you better to understand the questions that you are to decide. However, if counsel inadvertently misstates the law or misstates the evidence, you will follow the law as given to you by the Court in these instructions and not as stated by counsel. And you will take the evidence detailed by the witnesses and shown by the documents introduced instead of the statements of counsel.

---

6     Devitt, § 70.03, at 8.
7     Devitt, § 70.03, at 8.
8     Adapted from Devitt, § 70.01, at 3.
9     Devitt, § 70.03, at 8.

During the course of this trial you have heard the various attorneys objecting to questions of other counsel. When the other side offers testimony or other evidence the attorney believes was not properly admissible, it is his or her right and duty to object. When I overruled the objection by allowing the testimony or other evidence to be introduced into evidence, I was not expressing any opinion as to the weight or effect of such evidence.  The attorneys were raising objections that I either accepted or rejected.[10]

---

10      Adapted from Devitt, § 70.01, at 3.

**PROPOSED JURY INSTRUCTION NO. FIVE:**
**BURDEN OF PROOF**[11]

In a civil action like this, the plaintiffs must prove every essential element of their claims by a fair preponderance of the evidence. If the proof fails to establish any essential element of the plaintiffs' claim by a fair preponderance of the evidence, the jury must find for the defendants as to that claim. The defendants have the same burden of proof as to their affirmative defenses.

To "establish by a fair preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a fair preponderance of the evidence in the case means such evidence as, when considered and compared with the evidence opposed to it, is more convincing and makes you believe that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a fair preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If you should find that all of the evidence is evenly balanced, then the plaintiffs have failed to sustain the burden of proof and your verdict must be for the defendants, Christopher Manning, Carlos Ocasio and Felix Ortiz.

If and only if you determine, after carefully weighing all the evidence, that the

---

11    Adapted from Devitt, § 72.01, at 31-32. <u>See</u> Ninth Circuit Pattern Jury Instructions, Instructions Nos. 1.13, 5.1; <u>Manuel of Model Civil Jury Instructions for the District Courts of the Eighth Circuit</u>, Instruction No. 3.04 (2001) (hereinafter "Eighth Circuit Pattern Jury Instructions").

facts favor the plaintiffs by the standard I have articulated, then they have met their burden of proof.[12]

As part of your analysis you must be mindful that there are three defendants in this case.  In order to recover against a particular defendant, the plaintiffs must establish all of the elements of a claim, by a fair preponderance of the evidence, against that particular defendant. Thus, establishing an element or a claim against one defendant does not factor into your analysis of the plaintiffs' claims against the other defendants.  Your analysis of the plaintiffs' claims against the other defendants must be based upon your independent review of the evidence.  Similarly, you must analyze each plaintiff's claims against each defendant independently, as there are two plaintiffs herein making claims.

---

[12]    Adapted from 3 Sand, ¶ 75.01, at 75-7.

**PROPOSED JURY INSTRUCTION NO. SIX:**
**MULTIPLE DEFENDANTS AND MULTIPLE CLAIMS**[13]

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to either plaintiff, all the defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  You must decide each claim made by each plaintiff against each defendant separately.  You must not be influenced in deciding the claim against one defendant by the claims against the others.  In sum, you must decide whether each plaintiff has proven each of the elements of each of his claims against each defendant separately.  Moreover, if you find against a defendant on one claim, that does not mean you should find against him or her on all the claims.  Each claim has to be examined independently.

---

[13]     Adapted from 3 O'Malley, § 103.14, at 119.  <u>See</u> Ninth Circuit Pattern Jury Instructions, Instruction No. 3.11.

**PROPOSED JURY INSTRUCTION NO. SEVEN:**
**42 U.S.C. § 1983 – NATURE OF THE ACTION[14]**

The plaintiffs, Jeffrey Pianka and Pedro Cruz, alleges that the defendants violated their constitutional rights, specifically their right to be free from malicious prosecution.

The defendant police officers deny that any of their actions during the time in question violated plaintiffs' constitutional rights. The defendant police officers claim that they were acting in good faith and with probable cause and that their actions were reasonable. The defendant police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

---

14    Adapted from 3B Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice and Instructions: Civil, § 164.01 (2001) (hereinafter "3B O'Malley"). See 2 Hon. Douglas B. Wright and William L. Ankerman, Connecticut Jury Instructions (Civil), § 690, at 1065-68 (1993) (hereinafter "Wright & Ankerman").

**PROPOSED JURY INSTRUCTION NO. EIGHT:**
**42 U.S.C. § 1983 - THE STATUTE[15]**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As part of your analysis, you must be mindful that the Constitution and Section 1983 do not guarantee that only the guilty will be arrested.  Moreover, the procedural protections afforded criminal defendants under the Bill of Rights are not without limits.  Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person.[16]

---

15     Adapted from 4 Sand, ¶ 87.03, at 87-65.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).
16     Baker v. McCollan, 443 U.S. 137, 145 (1979); Garcia v. Gasparri, 193 F.Supp.2d 445, 453 (D. Conn. 2002).

**PROPOSED JURY INSTRUCTION NO. NINE:**
**SECTION 1983 BURDEN OF PROOF**[17]

I shall shortly instruct you on the elements of plaintiff's Section 1983 claim.

The plaintiffs have the burden of proving each and every element of his Section 1983 claim by a fair preponderance of the evidence. If you find that any one of the elements of plaintiff's Section 1983 claim has not been proven by a fair preponderance of the evidence, you must return a verdict for the defendants.

---

[17]    Adapted from 4 Sand, ¶ 87.03, at 87-67.

**PROPOSED JURY INSTRUCTION NO. TEN:**
**ELEMENTS OF A SECTION 1983 CLAIM**[18]

To establish a claim under Section 1983, the plaintiffs, Jeffrey Pianka and Pedro

Cruz, must establish, by a fair preponderance of the evidence, each of the following

four elements:

First, that the conduct complained of was committed by a person acting under

color of state law; specifically, that the defendants police officers performed acts that

operated to deprive the plaintiffs of one or more of their federal Constitutional rights, as

defined and explained in these instructions by arresting each without probable cause,

and or using excessive force. [19]

Second, that this conduct deprived the plaintiffs of rights, privileges or immunities

secured by the Constitution or laws of the United States.

Third, that the defendants' acts were the proximate cause of the injuries and

consequent damages sustained by the plaintiffs, and

Fourth, that the actions of the defendants which caused the alleged loss were

intentional or reckless.

I shall now examine each of the three elements in greater detail.

---

18    4 Sand, ¶ 87.03 [1], at 87-68.  See Dodd v. Norwich, 827 F.2d 1, 3 (2d Cir.
1987), Ninth Circuit Pattern Jury Instructions, Instruction No. 11.1.
19    B O'Malley, § 165.20 at 595.

**PROPOSED JURY INSTRUCTION NO. ELEVEN:**
**FIRST-ELEMENT - ACTION UNDER COLOR OF STATE LAW[20]**

The first element of the plaintiffs' claim is that the defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (*or* territory *or* the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he or she possesses by virtue of state law.

An actor may misuse power that he or she possesses by virtue of state law even if his or her acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

In order for an act to be under color of state law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendants were clothed with the authority of the state - that is to say, the defendants must have purported or pretended to be lawfully exercising their official power while in reality abusing it.

---

20    Sand, ¶ 87.03[2], at 87-69, 87-71.  <u>See</u> 3B O'Malley, § 165.40 at 636-37; Ninth Circuit Pattern Jury Instructions, Instruction No. 11.2.

The act of a state official in pursuit of his or her personal aims that is not accomplished by virtue of his or her state authority is not action under color of state law merely because the individual happens to be a state (officer).

**PROPOSED JURY INSTRUCTION NO. TWELVE:**
**SECOND ELEMENT - DEPRIVATION OF RIGHT[21]**

The second element of the plaintiffs' claim is that each was deprived of a
constitutional right by one or more of the defendants.  In order for the plaintiffs to
establish the second element, they must show this by a fair preponderance of the
evidence: first, that a defendants committed the acts alleged by the plaintiffs; second,
that those acts caused the plaintiffs to suffer the loss of a constitutional right; and, third,
that, in performing the acts alleged, the defendants acted intentionally or recklessly.  If
the plaintiffs prove that the defendants acted negligently, the defendants cannot be held
liable.

---

21      Adapted from 4 Sand, ¶ 87.03 [3], at 87-74.

**PROPOSED JURY INSTRUCTION NO. THIRTEEN:**
**THIRD-ELEMENT- PROXIMATE CAUSE**[22]

The third element which the plaintiffs must prove is that one or more of the defendants' acts were a proximate cause of the injuries sustained by him.  A "proximate cause" is defined by the law as a cause which, in natural or continuous sequence, unbroken by any intervening cause, produces the injury and without which the injury would not have occurred.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by either plaintiff.

In order to recover damages for any injury, the plaintiffs must show by a fair preponderance of the evidence that such injury would not have occurred without the conduct of the defendants.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury.

---

22    Adapted from 4 Sand, ¶ 87.03 at 87-79; 3B O'Malley § 121.60 at 265; Ronald W. Eadas, Jury Instructions on Damages in Tort Actions, § 1.05 [1] (5th ed. 2003) ("Eades").  See Noga v. Potenza, 221 F.Supp. 2d 345, 352 (N.D.N.Y. 2002).

**PROPOSED JURY INSTRUCTION NO. FOURTEEN:**
**FOURTH ELEMENT STATE OF MIND – GENERAL**[23]

In addition to your consideration of the elements, I instruct you that, to establish

a claim under Section 1983, the plaintiffs must show that one or more of the defendants

acted intentionally or recklessly.  If you find that the acts of a defendant were merely

negligent, then, even if you find that the plaintiff was injured as a result of those acts,

you must return a verdict for that defendant.  Negligent conduct cannot support a claim

based upon § 1983.

---

[23]    4 Sand, ¶ 87.03 at 87-75; Wright & Ankerman, § 690, at 1067-68.  See Ninth
Circuit Pattern Jury Instructions, Instruction No. 11.1.  See also Brower v. Inyo County,
489 U.S. 593, 596 (1989); Daniels v. Williams, 474 U.S. 327, 330-33 (1986); Medeiros
v. O'Connell, 150 F.3d 164 (2d Cir. 1997); Ansley v. Heinrich, 925 F.2d 1339, 1344
(11th Cir. 1991); Dodd v. City of Norwich, 827 F.2d 1, 3 (2d Cir. 1987).

**PROPOSED JURY INSTRUCTION NO. FIFTEEN:**
**STATE OF MIND - INTENTIONAL**[24]

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of a mistake, accident, negligence or other innocent reason. In determining whether each defendant acted with the requisite state of mind, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

---

24    Adapted from 4 Sand, ¶ 87.03 at 87-76. See Wright & Ankerman, § 690, at 1067-68.

**PROPOSED JURY INSTRUCTION NO. SIXTEEN:**
**STATE OF MIND - RECKLESSNESS**[25]

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether a defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

---

[25]    Adapted from 4 Sand, ¶ 87.03 at 87-77.

**PROPOSED JURY INSTRUCTION NO. SEVENTEEN:**
**STATE OF MIND – NEGLIGENCE**[26]

An act is negligent if a defendant was under a duty or obligation, recognized by law, that required him or her to adhere to a certain standard of conduct to protect others against unreasonable risks, and he or she breached that duty or obligation.

Again, if you find that the plaintiff has established that a defendant was negligent, the plaintiff has failed to establish a Section 1983 case against that defendant and you must enter a verdict in favor of that defendant.

---

26      Adapted from 4 Sand, ¶ 87.03, at 87-78.

**PROPOSED JURY INSTRUCTION NO. EIGHTEEN:**
**PERSONAL INVOLVEMENT[27]**

As part of your deliberations on the plaintiff's Section 1983 claims, you must also

be mindful that a plaintiff asserting a Section 1983 claim must prove the "personal

involvement" or direct participation of a defendant in the alleged constitutional

deprivation.  Neither respondeat superior or vicarious liability can provide a basis for

recovery under Section 1983.[28]  Thus, a plaintiff must show an affirmative link between

the alleged constitutional violation and the actions by the defendant which caused the

alleged violation.[29]  A defendant cannot become liable simply by being present.

In this case, the plaintiff must prove the "personal involvement" of each of the

defendants.  If he does not establish the "personal involvement" of a defendant by a fair

preponderance of the evidence, you must find for that defendant on the plaintiff's claims

against that defendant.

---

27    Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Al-Jundi v. Estate of Nelson
Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); Noga v. Potenza, 221 F.Supp. 2d 345,
351 (N.D.N.Y. 2002).
28    See Canton v. Harris, 489 U.S. 378, 385 (1989).
29    Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).  See Jemosen v. Smith, 945
F.2d 547, 550 (2d Cir. 1991) (jury concluded defendants were not personally involved).

**PROPOSED JURY INSTRUCTION NO. NINETEEN:**
**RELIANCE UPON INFORMATION FROM FELLOW OFFICERS**[30]

As part of your deliberations, you must keep in mind that police officers are entitled to rely on the accounts of events that are provided to them by their fellow police officers, even when confronted with conflicting accounts.  Police officers may also rely on the conclusions drawn by other officers investigating a crime.  They are not required to conduct their own independent investigation.

---

[30]    Martinez v. Simonetti , 202 F.3d 625, 634-35 (2d Cir. 2000).  See Carson v. Lewis , 35 F.Supp. 2d 250, 265 (E.D.N.Y. 1999).

**PROPOSED JURY INSTRUCTION NO. TWENTY:**
**MALICIOUS PROSECUTION - ESSENTIAL ELEMENTS**[31]

An action for malicious prosecution based on an underlying criminal proceeding requires the plaintiff to prove by a fair preponderance of the evidence that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings terminated in favor of the plaintiff; (3) the defendant acted without probable cause; (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice; and (5) the plaintiff was seized as a result of the defendant's actions.

---

31     1 Daniel C. Pope, Connecticut Actions and Remedies, § 7:02 at 7-3 (1993) (hereinafter "Pope").  See Singer v. Fulton County Sheriff, 63 F.3d 110, 116-17 (2d Cir. 1995); Shattuck v. Town of Stratford, 233 F.Supp. 2d 301, 306-07 (D. Conn. 2002); McHale v. W.B.S. Corp, 187 Conn. 444, 447 (1982); Zenik v. O'Brien, 137 Conn. 592, 595 (1951).  See also Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994)  (In a § 1983 action, "we borrow the elements of the underlying malicious prosecution tort from state law.").

**PROPOSED JURY INSTRUCTION NO. TWENTY-ONE:**
**MALICIOUS PROSECUTION - INITIATION OF PRIOR CRIMINAL PROCEEDING[32]**

In order to prevail on his claim for malicious prosecution, the plaintiff must prove by a fair preponderance of the evidence that a defendant in this case at some time in the past, initiated a judicial proceeding against either or both plaintiffs and the plaintiff must have been a named defendant in the underlying action. A person is deemed to have initiated a proceeding if his direction or request, or pressure of any kind by him, was the determining factor in the decision to commence the prosecution. In other words, the defendant must have been the "driving force" behind the prior criminal prosecution.[33]

---

32    See Pope, § 7:03, at 7-5 through 7-6.  See Wright & Ankerman, § 490 at 747.
33    See Zenik v. O'Brien, 137 Conn. 592, 595 (1951).

**PROPOSED JURY INSTRUCTION NO. TWENTY-TWO:  FALSE ARREST/ MALICIOUS PROSECUTION - LACK OF PROBABLE CAUSE[34]**

In order to establish their false arrest/malicious prosecution claims, the plaintiffs must also prove, by a fair preponderance of the evidence, that there was no probable cause for their arrests.[35]  The existence of probable cause affords an absolute protection in an action for malicious prosecution.   "Although want of probable cause is negative in character, the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding."[36]

The discharge of one who has been prosecuted does not prove a lack of probable cause.  Probable cause may exist even if the plaintiff was not actually guilty, and even if the defendant bore malice toward the plaintiff.  The question of probable cause does not; depend upon the actual guilt or innocence of the accused, but upon the law enforcement official's belief in it at the time of the prosecution, upon a reasonable ground.

In order to prevail in this case, the plaintiffs have the burden of proving, by a fair preponderance of the evidence, that there was no probable cause for their arrests.[37]

---

34      Pope, § 7:05 at 7-7 through 7-9; Wright & Ankerman, § 490, at 748.  See Horton v. Town of Brookfield, 2001 WL 263299, at **3-4 (D. Conn. Mar. 15, 2001), aff'd 2002 WL 1583910 (2d Cir. 2002); Zenik v. O'Brien,137 Conn. 592, 595 (1951).  See also Beinhorn v. Saraceno, 23 Conn. App. 487, 490-92 (1990).
35      Zenik v. O'Brien, 137 Conn. 592, 595-97 (1951).
36      Beinhorn v. Saraceno, 23 Conn. App. 487 (1990).  Zenik v. O'Brien, 137 Conn. 592, 595 (1951).
37      Doe v. Bridgeport Police Dep't, 198 F.R.D. 325, 335 (D. Conn. 2001) (quoting Lieberman v. Dudley, 1998 WL 740827, at *2 n.1 (D.Conn. July 27, 1998), aff'd 199 F.3d 1322 (2d Cir. 1999)).  See Beinhorn v. Saraceno, 23 Conn. App. 487, 491 (1990).

Probable cause exists when a police officer has knowledge or reasonably trustworthy information of facts or circumstances that are sufficient to warrant a person of reasonable caution to believe that a crime has been committed or is being committed by the person to be arrested.[38]

Probable cause is a fluctuating concept.  Its existence depends upon factual and practical considerations of everyday life which are not readily reduced to a neat set of legal rules.  Probable cause does not require absolute certainty that a crime has been committed.[39]  Probable cause only requires a probability or substantial chance of criminal activity, not an actual showing of guilt.[40]

Moreover, you must also be mindful that the question is not what information might have been developed from further investigation, but whether the facts known when, and on which the police officer acted were sufficient to constitute probable cause.[41]  "[I]t is well established that a law enforcement official has probable cause to arrest if he [or she] received his [or her] information from the putative victim or eyewitness."[42]  Thus, a statement from one eyewitness is all that is needed for

_____

38      Illinois v. Gates, 462 U.S. 213, 243-44 n.13 (1983); Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000); Lee v. Sandberg, 136 F.3d 94, 102-3 (2d Cir. 1997); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Garcia v. Gasparri, 193 F.Supp. 2d 445, 452 (D. Conn. 2002).
39      Howes v. Hitchcock, 66 F.Supp. 2d 203, 213 (D. Mass. 1999).
40      Howes v. Hitchcock, 66 F.Supp. 2d 203, 213 (D. Mass. 1999).
41      Warren v. Dwyer, 906 F.2d 70, 73 (2d Cir. 1990).
42      Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000).  See Torchinsky v. Siwinski, 942 F.2d 257, 261-62 (4 [th] Cir. 1991); Grimm v. Churchill, 932 F.2d 674, 675 (7th Cir. 1991).

probable cause to exist.  When a citizen tenders information to the police, the police are permitted to assume that they are dealing with a credible person.[43]

Probable cause can exist even where it is based on mistaken information.[44] Once a police officer has probable cause, he or she need not explain away every theoretically plausible claim of innocence before making an arrest.[45]

In this case, Mr. Pianka and Mr. Cruz were arrested.  Pianka was charged with the following criminal offenses:  Interfering with an Officer (Conn. Gen. Stat. § 53a-167a); Assault on a Police Officer (Conn. Gen. Stat. §§ 53a-49, 53a-167c); Conspiracy to Commit Assault on a Police Officer (Conn. Gen. Stat. §§ 53a-48, 53a-167c); and Reckless Endangerment (Conn. Gen. Stat. § 53a-64).  The plaintiff Cruz was charged with the following criminal offenses:  Two Counts of Threatening (Conn. Gen. Stat. § 53a-62); Two Counts of Assault on a Police Officer (Conn. Gen. Stat. § 53a-167c); Two Counts of Conspiracy to Commit Assault on a Police Officer (Conn. Gen. Stat. §§ 53a-48, 53a-167c); Risk of Injury to a Minor (Conn. Gen. Stat. § 53-21); and Disorderly Conduct (Conn. Gen. Stat. § 53a-182).

If you find that the plaintiffs have not proven by a fair preponderance of the evidence, that there was no probable cause for their arrests, you must find for all of the defendants on all of the claims.[46]  Your deliberations shall end there.  You must go no further with your deliberations as to any defendants and you must return a verdict for all the defendants.

---

43    Caldarola v. Calabrese, 298 F.3d 156, 165 (2d Cir. 2002).

44    Bulanov v. Meehan, 2002 WL 181365, at *4 (S.D.N.Y. Feb. 6, 2002).  See McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984).

45    Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

46    See Rivera v. LaPorte, 896 F.2d 691, 693-94 (2d Cir. 1990); Garcia v. Gasparri, 193 F. Supp. 2d 445, 454 (D. Conn. 2002).

**PROPOSED JURY INSTRUCTION NO. TWENTY-THREE:**
**MALICIOUS PROSECUTION – MALICE[47]**


In order to prevail on his malicious prosecution, the plaintiff must also prove, by a fair preponderance of the evidence, that a defendant initiated the prior proceeding <u>with malice</u>.  Malice refers to malevolence, animosity, malignity or ill will, i.e., primarily for a purpose other than that of bringing an offender to justice.

For example, if either plaintiff proves that a defendant herein arrested him based on a belief that the plaintiff was a criminal and should be brought to justice, that is a proper purpose.  If the plaintiff proves by a fair preponderance of the evidence that an arrest was made, only because the defendant hated the plaintiff, and merely wanted to cause the plaintiff to suffer, that is not a proper purpose.  If the primary motive of the defendant in arresting either plaintiff was a desire to see justice done, the fact that the defendant in addition did not like the plaintiff, or bore him some ill will, would not be sufficient to prove malicious prosecution and you must find for the defendants.

---

[47]    Pope, § 7:06 at 7-9 through 7-10.

**PROPOSED JURY INSTRUCTION NO. TWENTY-FOUR:**
**MALICIOUS PROSECUTION - FAVORABLE TERMINATION**[48]

A claim for malicious prosecution will only succeed if each plaintiff proves, by a fair preponderance of the evidence, that the prior proceeding terminated in his favor. "Favorable termination" means that the termination was of such a nature as to indicate the innocence of the plaintiff in the earlier criminal prosecution.

However, the termination of the prior proceedings in the plaintiff's favor does not itself establish either a lack of probable cause or the presence of malice.[49]

---

[48]    Pope, § 7:07 at 7-10 through 7-11.  See 3B O'Malley, § 121.21 at 292.
[49]    Wright & Ankerman, § 490 at 749.

**PROPOSED JURY INSTRUCTION NO. TWENTY-FIVE:**
**FALSE IMPRISONMENT**

In order to prevail on his false imprisonment claim under Connecticut state law, each plaintiff must prove by a fair preponderance of the evidence, that: (1) a defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not privileged or justified or authorized by the law.  In this context, "intent" means the purposeful causing of confinement.

Law enforcement officers have legal justification to make an arrest when there is probable cause for the arrest.  Thus, in order to prevail, the plaintiff must prove by a fair preponderance of the evidence that there was no probable cause for his arrest.[50]

---

[50]    Burke v. New York, New Haven & Hartford R.R.Co.; 267 F.2d 894, 897 (2d Cir. 1959); Horton v. Town of Brookfield, 2001 WL 263299, *4 (D. Conn. Mar. 15, 2001); Beinhorn v. Saraceno, 23 Conn. App. 487, 492-93 (1990).  See McHale v. W.B.S. Corp., 187 Conn. 444, 447-49 (1982).  See also Pope, § 3:08 at 3-10 through 3-13.

**PROPOSED JURY INSTRUCTION NO. TWENTY-SIX:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**[51]

**Essential Elements.**

In order to prevail on his claim for intentional infliction of emotional distress under state law, the plaintiff must establish the following four elements by a fair preponderance of the evidence:  (1) the defendant intended to inflict the emotional distress or knew or should have known that emotional distress was a likely result of his or her conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's emotional distress; and (4) the emotional distress sustained by the plaintiff was severe.[52]

**Intent.**

To be actionable as intentional infliction of emotional distress, the plaintiff must prove by a fair preponderance of the evidence, that the defendant acted either with deliberate purpose to cause the emotional distress, or with knowledge to a substantial certainty that emotional distress would result.

**Severity of Conduct.**

An action for intentional infliction of emotional distress will be established only where the plaintiff proves that it was a defendant's extreme and outrageous conduct which caused the plaintiff severe emotional distress.[53]  Thus, the defendant's actions

---

51    Petyan v. Ellis, 200 Conn. 243, 253 (1986); Pope, §§ 6:02-6:07, at 6-2 through 6-8.

52    Garcia v. Gasparri, 193 F. Supp. 2d 445, 453-54 (D. Conn. 2002); Peytan v. Ellis, 200 Conn. 243, 253 (1986).

53    Garcia v. Gasparri, 193 F. Supp. 2d 445, 453-54 (D. Conn. 2002); Peytan v. Ellis, 200 Conn. 243, 253 (1986).

must have been so flagrant that they would have caused severe distress in a person of ordinary sensibilities; the hypersensitive plaintiff will not be compensated.[54]  In order to be actionable, the defendant's conduct must be proven to be "outrageous" and must exceed "all bounds usually tolerated by decent society."[55]

---

54      Pope, § 6:02-6:07
55      Garcia v. Gasparri, 193 F. Supp. 2d 445, 453-54 (D. Conn. 2002); Petyan v. Ellis, 200 Conn. 243, 253 n.5 (1986).

**PROPOSED JURY INSTRUCTION NO. TWENTY-SEVEN:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – PRIVILEGE56**


A claim for intentional infliction of emotional distress will not lie if the defendant's

conduct, although it would otherwise be extreme and outrageous, was privileged.

---

56    Pope, § 6:09 at 6-8 through 6-9.

**PROPOSED JURY INSTRUCTION NO. TWENTY-EIGHT:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROBABLE CAUSE**[57]

If you conclude that there was probable cause for the arrest of each plaintiff and

the force used was reasonable, the defendants' conduct cannot be found to be

"extreme and outrageous."  Accordingly, you must enter a verdict for the defendants

under such circumstances.

---

[57]    Garcia v. Gasparri, 193 F. Supp. 2d 445, 453-54 (D. Conn. 2002).

**PROPOSED JURY INSTRUCTION NO. TWENTY-NINE:**
**COMMON LAW QUALIFIED IMMUNITY**[58]

As part of your consideration of the plaintiff's state law claims of false

imprisonment and intentional infliction of emotional distress, you must consider the

defendants' defense of common law qualified immunity.

A municipal employee, such as a police officer, has a qualified immunity in the

performance of a governmental duty.  Governmental acts are performed wholly for the

benefit of the public and are discretionary in nature.  Thus, a police officer will not be

liable if he or she misperforms a discretionary act, as opposed to a ministerial act. The

hallmark of a discretionary act is that it requires the exercise of judgment.  On the other

hand, ministerial acts are performed in a prescribed manner without the exercise of

judgment or discretion as to the propriety of the action.

In this case, you must determine whether the manner in which a police officer

responds to a call for service, conducts a criminal investigation, and takes a party into

custody are discretionary or ministerial acts.

---

58    Spears v. Garcia, 263 Conn. 22, 35-36 (2003).  See Lombard v. Edward J.
Peters, Jr., P.C., 252 Conn. 623, 628 (2000); Colon v. City of New Haven, 60 Conn.
App. 178, 180-82 (2000).

**PROPOSED JURY INSTRUCTION NO. THIRTY:**
**CONSIDER DAMAGES ONLY IF NECESSARY**[59]

If the plaintiff has proven by a fair preponderance of the credible evidence that one, some or all of the defendants are liable on one or more of his claims, then you must determine the damages, if any, to which each plaintiff is entitled.  However, you should not infer that either plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to a recovery.

In considering damages, you must continue to remember that each plaintiff must prove his damages, if any, by a fair preponderance of the evidence and that each plaintiff is entitled to recover only those compensatory damages which he has proven by a fair preponderance of the evidence.

In determining damages, if you have occasion to do so, you must not allow yourselves to be influenced by passion, prejudice, or sympathy for one side or the other.

You must base your award solely on a fair and impartial consideration of all the evidence.[60]

---

59    Adapted from 3 Sand, ¶ 77.01 at 77-2.
60    Eades, § 104 [1].

**PROPOSED JURY INSTRUCTION NO. THIRTY-ONE:**
**LIABILITY TO BE DETERMINED FIRST**[61]

In your deliberations you must not discuss damages unless and until you have

first, in accordance with these instructions, determined that a defendant is liable to the

plaintiff.

---

61    Eades, § 1.05 [1].

**PROPOSED JURY INSTRUCTION NO. THIRTY-TWO:**
**COMPENSATORY DAMAGES**[62]

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights.  If you find that Christopher Manning, Carlos Ocasio or Felix Ortiz is liable on the claims, as I have explained them, then you must award either or both plaintiffs sufficient damages to reasonably and fairly compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make a plaintiff whole -- that is, to compensate him for the damage that he has suffered.

I remind you that you may award compensatory damages only for injuries that the plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff

---

[62]    Adapted from 3 Sand, ¶ 77.01 at 77-7.  <u>See</u> 3B O'Malley, at 165.70 at 644-45.

to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you find that one or more of the defendants is liable to the plaintiff as to any of the fair claims advanced, and only if you find that a defendant is so liable, you must then determine the amount of damages due to the plaintiff.  Your award would only be against the defendant or defendants that you determine to be liable.  Just because I instruct you on damages does not mean that you must award damages, or that I have an opinion as to whether you should award damages.

**PROPOSED JURY INSTRUCTION NO. THIRTY-THREE:**
**MULTIPLE CLAIMS, DOUBLE RECOVERY AND COMPENSATORY DAMAGES[63]**

Because there is more than one defendant and more than one claim in this case you must keep in mind that an injury may be compensated only once and that there may not be additional compensatory damages for that same injury from two or more defendants.[64]  Although there are multiple claims in this case, you should not award compensatory damages more than once for the same injury.  In other words, if two or more causes of action provide a legal theory for compensating one distinct injury, only one recovery may be awarded.  But if different injuries are attributed to the separate claims, then you should compensate each plaintiff for those separate injuries.

If you find that the identical injury was caused by more than one wrong, you should award damages for the first such wrong and as to any subsequent wrong, indicate on the damages line of the verdict form the words "Please see award number ___."

Regarding compensatory damages, I have said that, if you return a verdict for either or both plaintiffs, you must award him the amount of money that you believe will reasonably and fairly compensate him for any injury that you believe that plaintiff actually sustained as a result of the conduct of one or more of the defendants.  In this case, the plaintiffs claim that the defendants violated their rights in a number of ways, including the civil rights violations as well as the state claims I described.  If you find

---

63      Adapted from 3B O'Malley, at 165.73 at 653.  See 4 Sand, ¶ 87.03 at 87-91; Eades, § 1.03 [1].
64      Adapted from instruction in Lieberman v. Dudley, 1998 WL 740827, at *3 n.2 (D. Conn. July 27, 1998), aff'd 199 F.3d 1322 (2d Cir. 1999).

that one or more of the defendants did, in fact, violate more than one of the plaintiff's rights, you must remember, in calculating the damages, that a plaintiff is entitled to be compensated only for injuries actually suffered.

Thus, if the defendant violated more than one of the rights of the plaintiffs, but the resulting injury was no greater than it would have been if that defendant had violated only one of each plaintiff's rights, you should award an amount of compensatory damages no greater than you would award if the defendants had violated only one of those rights.  If on the other hand, the defendants violated more than one of each plaintiff's rights and you can identify separate injuries resulting from the separate violations, you may award an amount of compensatory damages equal to the total of damages you believe will reasonably and fairly compensate the plaintiff for the separate injuries suffered.

In sum, you should not award compensatory damages more than once for the same injury.[65]  For example, if Mr. Pianka or Mr. Cruz were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim.  He would only be entitled to be made whole again, not to recover more than he lost.  Before you can award the plaintiffs damages you must be satisfied that each has established both the fact of and the amount of damages with reasonable certainty.  Thus, there must be a factual basis for an award of damages, if any.[66]

---

65      Adapted from 3 Sand, ¶ 77.01 at 77-5.  See Kilduff v. Adams, Inc., 219 Conn. 314, 333-34 (1991).

66      See Dan Dobbs, Handbook on the Law of Remedies, § 3.3 at 150-51 (1973).

**PROPOSED JURY INSTRUCTION NO. THIRTY-FOUR:**
**NOMINAL DAMAGES[67]**

If you find from the evidence that either plaintiff has established that a legal right

of his has been violated by one, some or all of the defendants, but that he has

sustained no actual damage or that the extent of his damage is not susceptible to proof

to a reasonable degree of certainty, then you may return an award of nominal

damages.  The term nominal damages, as used in this instruction, means $1 (one

dollar).

---

67      Eades, § 1.11 [1].

**PROPOSED JURY INSTRUCTION NO. THIRTY-FIVE:**
**LIABILITY FOR EMOTIONAL DAMAGES**[68]

If you find that either plaintiff has proven, by a fair preponderance of the evidence, that he suffered emotional damages then -- the defendants cannot be liable for those emotional damages unless the plaintiff also proved that the defendant should have realized that his or her conduct involved an unreasonable risk of causing the plaintiff's emotional distress, and from the facts known to the defendant, should have realized that the emotional distress, if it was caused, might result in illness or bodily harm.

Again, I repeat you cannot find Christopher Manning, Carlos Ocasio or Felix Ortiz liable for emotional damages unless you find that Mr. Pianka or Mr. Cruz has proven by a fair preponderance of the evidence that a defendant should have realized that his conduct involved an unreasonable risk of causing Mr. Pianka or Mr. Cruz emotional distress, and from the facts known to him, should have realized that emotional distress, if it were caused, might result in illness or bodily harm.

---

68    Adapted from Wright & Ankerman, § 240, at 442; <u>Montinieri v. Southern New England Tel. Co.</u>, 175 Conn. 337, 341, 346, 398 A.2d 1180 (1978).

**PROPOSED JURY INSTRUCTION NO. THIRTY-SIX:**
**EXCESSIVE FORCE**

In deciding the plaintiffs' unreasonable force claim, the particular use of force by Officers Manning, Ocasio and Ortiz must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Your assessment of reasonableness must allow for the fact that officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation. Because the test of reasonableness is not capable of precise definition or mechanical application, you must pay careful attention to the facts and circumstances of this particular case, including the situation at issue, whether the plaintiffs presented an immediate threat to the safety of the officers or others, and whether either or both were actively resisting the defendants' instructions or commands. Additionally, in determining whether the defendants used unreasonable force under the circumstances, you may consider whether the plaintiffs could have avoided the situation which resulted in their alleged injuries by simply complying with the lawful commands or instructions of the defendants.

Graham v. Connor, 490 U.S. 386, 396-397 (1989).

**PROPOSED JURY INSTRUCTION NO. THIRTY-SEVEN:**
**EMOTIONAL DISTRESS**


The plaintiffs also contend that Officers Manning, Ocasio and Ortiz intentionally inflicted emotional distress upon the plaintiffs.  To successfully advance a cause of action for intentional infliction of emotional distress, the plaintiffs must prove four elements:  (1) that the defendants intended to inflict emotional distress or that they knew, or should have known, that emotional distress was a likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiffs' distress; and (4) that the emotional distress sustained by the plaintiffs was severe.  Appleton v. Stonington Bd. of Ed., 254 Conn. 205, 210 (2000), citing Petyan v. Ellis, 200 Conn. 243, 253 (1986)

When I use the terms "extreme" and "outrageous," I mean that the defendants' conduct must have exceeded all bounds usually tolerated by a decent society. Mellaly v. Eastman Kodack Co., 42 Conn. Supp. 17, 18 (1991).  To find for the plaintiffs, the extreme and outrageous conduct of the defendant officers must have been so extreme, in your judgment, as to go beyond all possible bounds or decency and to be regarded as atrocious and utterly intolerable in a civilized community.  In doing so, you can take into account the circumstances then and there existing.

If you have determined that the defendant officers intended to inflict emotional distress on the plaintiffs, or that they should have known that emotional distress would likely result, and that the defendant officers' conduct was extreme and outrageous, you must also conclude that the defendant officers' conduct actually caused the plaintiffs'

distress.  Lastly, you must also conclude that the plaintiffs have proven by a preponderance of the evidence that the emotional distress the plaintiffs sustained was severe.  Then, and only then, may you return a plaintiffs' verdict.  <u>Collins v. Gulf Oil Co.</u>, 605 F. Supp. 1519 (D. Conn. 1985); <u>Reed v. Signoid Corp.</u>, 652 F. Supp. 129 (D. Conn. 1986); <u>Petyan v. Ellis</u>, 200 Conn. 243 (1986).

**PROPOSED JURY INSTRUCTION NO. THIRTY-EIGHT:**
**PROXIMATE CAUSE**


The plaintiff must also prove by a preponderance of the evidence that the defendants' acts were the proximate or legal cause of the damages allegedly sustained by them. The plaintiffs have alleged that their constitutional rights were violated by the defendants. You must first decide what the defendants did or failed to do in relation to plaintiffs' claims. Whatever they did, the defendants have not caused a violation of the plaintiffs' rights unless their acts or omissions were a proximate cause of a violation of the plaintiff's constitutional rights.

Conduct, whether it be in the form of acts or omissions, would be a proximate cause of a particular violation of the plaintiffs' rights, if the conduct was a substantial factor in bringing about that violation.

A violation, if you find such, would have been proximately caused by, or is a direct consequence of, a particular act or omission, if the act or omission in its natural and continuous sequence, unbroken by a new, independent cause, produced or brought about the violation. If an act or omission is of no consequence, or is so trivial as to be a mere incident in relation to any violation, then the act or omission would not have been a substantial factor producing the violation and not a proximate cause.

It is for you to decide what the defendants did or did not do and, depending on what you find in that respect, you must then decide whether the defendants' conduct was a substantial factor in bringing about any violation of plaintiffs' rights you find occurred. <u>Sherman v. Hartford</u>, Civ. No. H-89-183 (PCD).

**PROPOSED JURY INSTRUCTION NO. THIRTY-NINE:**
**DAMAGES**


Now, it is my duty to charge you with the question of damages, but because I do

so, it does not follow that you are to find the issues in favor of the plaintiffs.  I merely

give you these instructions on the law of damages so that in the event you do come to

the conclusion that the plaintiffs are entitled to recover, you will have sufficient guidance

in arriving at a proper verdict.  And I want to repeat here that with regard to the matter

of injuries and the matter of damages, the same rule relative to the burden of proof

resting on the plaintiffs still applies.  In other words, the burden is on the plaintiffs to

prove these elements by a fair preponderance of the evidence just as it was in

connection with their claimed allegations on the issue of liability.  The fundamental rule

and principle as to damages is that the amount awarded should be just, fair and

reasonable compensation for the losses which the plaintiffs suffered as a direct and

proximate result or consequence of the defendants' actions.  The purpose of damages

is to place the injured plaintiffs in as good a condition as they would have been if the

incident had not occurred.  Ross v. American Oil Co., 129 Conn. 585, 590; Albert v.

DePinto, Civil No. H-82-51 1 (JAC); Varley v. Motgul, 139 Conn. 129 (1952); Morrison v.

Hansen, 128 Conn. 62, 66 (1941).

If you return a verdict for the plaintiffs, then you must award them such sum of

money as you believe will fairly and justly compensate them for any injury you believe

they actually sustained as a direct consequence of the conduct of the defendants.  You

are not permitted to award damages based on the abstract value or importance of

constitutional rights.  A plaintiff can recover as compensatory damages only those items of damage, if any, that are justified by the pleadings and the proof.  That is, your findings as to damages must be within the allegations of the plaintiffs' complaint.  Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Sand, et al., Modern Federal Jury Instructions, § 87-23; Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042 (1978).

I have said that you may award damages only for those injuries which you find the plaintiffs have proven by a preponderance of the evidence to have been the direct result of conduct by the defendants in violation of 42 U.S.C. § 1983.  You must distinguish between, on the one hand, the existence of a violation of the plaintiffs' rights, and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that the defendants deprived the plaintiffs of their rights in violation of § 1983, you must ask whether the plaintiffs have proven by a preponderance of the evidence that the deprivation caused the damages that they claim to have suffered.  Sand, et al, Modern Federal Jury Instructions, § 87-23; Mt. Healthy v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

Should you reach the issue of damages, I instruct that you may not award, as a component of the plaintiffs' damages, any sum intended to cover the attorneys' fees that may have been incurred by the plaintiffs with respect to this litigation.  This issue is dealt with in a separate proceeding and is not one for you to decide.

In addition, if you return a verdict for the plaintiffs, but find that the plaintiffs have failed to prove by a preponderance of the evidence that they suffered any actual

damages, then you must return an award of nominal damages not to exceed the sum of $10.00.  <u>Albert v. DePinto</u>, Civil No. H-82-51 1 (JAC); <u>Varley v. Motgul</u>, 139 Conn. 129 (1952); <u>Morrison v. Hansen</u>, 128 Conn. 62, 66 (1941);  *Sand, et al.*, <u>Modern Federal Jury Instructions</u>, § 87-23; <u>Smith v. Wade</u>, 461 U.S. 30, 103 S.Ct. 1625 (1983); <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S.Ct. 1042 (1978); <u>Mt. Healthy v. Doyle</u>, 429 U.S. 274, 97 S.Ct. 568 (1977).

**PROPOSED JURY INSTRUCTION NO. FORTY:**
**INTERPRETING THE EVIDENCE**

In weighing the evidence, you are allowed to draw logical inferences from facts that you find to have been proven; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture.

While you may make deductions and draw conclusions from proven facts, you may not draw inferences from their inferences.  Likewise, you should be careful to avoid resorting to speculation, conjecture, or guesswork to determine critical facts in this case.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations and judicially noticed facts.  By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness' credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.

What they have said to you in their summations is intended to help you understand the evidence to reach your verdict.  If you recollection of the facts differ from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court. Materials brought forth only to refresh a witness' recollection are not evidence.  The mere filing of a lawsuit in which claims and allegations are made against the defendant is proof of nothing.  You may not draw inferences from the fact that the plaintiffs filed this lawsuit.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.  Meade v. Warehouse Transport, Inc., 165 Conn. 533 (1973); Toomey v. Danaher, 161 Conn. 204 (1971).

**PROPOSED JURY INSTRUCTION NO. FORTY-ONE:**
**USE OF FORCE BY A POLICE OFFICER**


A police officer is justified in using physical force upon another when, and to the

extent, he reasonably believes such to be necessary to effect an arrest or prevent the

escape from custody of a person whom he reasonably believes to have committed an

offense.  Section 53a-22 of the Connecticut General Statutes; Martyn v. Donlyn, (1965)

198 A.2d 700, 151 Conn. 402.

DEFENDANTS:
CHRISTOPHER MANNING;
CARLOS OCASIO; AND
FELIX ORTIZ


BY:_____
    James J. Szerejko
    Fed. Bar No. ct 04326
    HALLORAN & SAGE LLP
    One Goodwin Square
    Hartford, CT  06103
    Tele: (860) 522-6103
    Szerejko@halloran-sage.com


## **CERTIFICATION**

This is to certify that on this 7th day of September, 2006, the foregoing was either mailed, postpaid, or hand-delivered to:

Jon L. Schoenhorn, Esq.
Schoenhorn & Associates
97 Oak Street
Hartford, CT 06106



_____
James J. Szerejko


883258.1(HSFP)