UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY PIANKA; | : | |
| PEDRO CRUZ; | : | |
|       Plaintiffs | : | CIVIL ACTION NO. |
| | : | 3:01 CV 153 (AWT) |
| VS. | : | |
| | : | |
| CHRISTOPHER MANNING; | : | |
| CARLOS OCASIO; | : | |
| FELIX ORTIZ; | : | |
|       Defendants | : | FEBRUARY 20, 2007 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE SETTLEMENT AGREEMENT

The defendants, Christopher Manning, Carlos Ocasio and Felix Ortiz, submit this memorandum of law in support of their Motion to Enforce the Settlement Agreement entered into by all parties on December 12, 2006 before United States Magistrate Judge Donna F. Martinez, and request that a judgment of dismissal enter in accordance with the terms of said agreement to bring about a conclusion to this litigation.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This action was commenced on or about January 29, 2001. This litigation followed a state court criminal trial for charges filed against both plaintiffs, stemming from the underlying factual episode that occurred on or about February 7, 1998, some nine years ago. Throughout this lengthy litigation, which encompassed written discovery, as well as depositions, and the filing of motions for summary judgment by

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

the plaintiffs and the defendants, Attorney Jon L. Schoenhorn has represented <u>both</u>

plaintiffs. In fact, Attorney Schoenhorn represented the plaintiff, Pedro Cruz, in defense

of the criminal charges filed against him. That representation included a jury trial that

went to verdict, as well as an appeal to the Connecticut Appellate Court. Mr. Pianka,

the other plaintiff, had separate counsel for his criminal proceedings.

On or about July 14, 2005, plaintiffs' counsel filed a request for settlement

conference and that request was acted upon by Judge Thompson on July 21, 2005.

On that date, he granted the request and referred this matter to United States

Magistrate Judge Donna F. Martinez, for purposes of conducting a settlement

conference. The parties were thereafter ordered to file a Joint Mediation Report and

such was done on or about August 10, 2005.

The first settlement conference herein was held before Judge Martinez on

December 8, 2005. Both plaintiffs and their counsel, Attorney Jon L. Schoenhorn, were

in attendance. The minute entry for that settlement conference indicates it lasted

approximately 6 hours, and the case did not settle. Suffice it to say, the dollar amount

of the settlement was the only issue that separated the parties.

A second settlement conference was held before Judge Martinez on May 22,

2006. Once again, both plaintiffs were in attendance, along with Attorney Schoenhorn,

and, after 5 hours, the case was unable to settle, once again, due to the amount of the

offer and demand of the parties.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Finally, on December 12, 2006, a settlement conference was held before United States Magistrate Judge Donna F. Martinez, and both plaintiffs, as well as Attorney Schoenhorn, were in attendance. The minute entry indicates that after approximately 3 hours, the case settled. The dollar amount of the settlement was agreed to by the plaintiffs and their counsel and by the defendants through their counsel and Hartford's Corporation Counsel, John Rose, Jr., who was in attendance, as he had been at the earlier two conferences. There was mutual assent of the parties. A settlement was achieved and a binding contract was formed. It was made clear that the City of Hartford required that the recommended settlement be approved by Hartford's Court of Common Council. The next date for a meeting of the City Council was reported to be January 8, 2007. It was agreed that a Settlement Agreement and Release (including terms of confidentiality) and a Stipulation to Dismiss would be prepared and executed by the plaintiffs and their counsel during that period of time between December 12, 2006 (the date of the agreement) and January 8, 2007 (the date of approval by Hartford's City Council). A settlement draft would be tendered to plaintiffs' counsel in exchange for the executed Settlement Agreement and Release.

On December 12, 2006, the case was reported settled, and pursuant to Local Rule 41(b), closing papers were to be filed by January 11, 2007.

On January 8, 2007, plaintiffs' counsel filed a Motion for Enlargement of Time to file the settlement documents, seeking an additional 30 days. In that motion, he reported that one of the plaintiffs (presumably Pedro Cruz) had not signed the

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Settlement Agreement. The Court granted this request for enlargement of time and extended the date for filing close-out documents until February 7, 2007.

Thereafter, on or about January 31, 2007, plaintiffs' counsel filed a Motion to Restore to Docket and/or for Relief from Settlement, and Attorney Schoenhorn also filed a separate motion to withdraw as counsel for Mr. Cruz only. The defendants have filed objections to both of those motions this date, simultaneously filing this motion to enforce the settlement agreement.

## II.    ARGUMENT

"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Audubon Parking Associates Limited Partnership v. Barclay & Stubbs, Inc., 225 Conn. 804, 811 (1993). Agreements that end lawsuits are contracts and are enforceable by entry of a judgment in the original suit. Id., citing Janus Films Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986). "Summary enforcement of settlement agreements is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial." Audubon Parking Associates, 225 Conn. at 812.

The record herein is clear. Both sides to this lawsuit bargained for and achieved a settlement that avoided an imminent trial. In fact, Judge Martinez advised all counsel at the outset of the settlement conference on December 12, 2006, that if the parties

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

were unable to resolve the matter that afternoon, they were ordered to report to the chambers of United States District Judge Alvin W. Thompson before leaving the courthouse to review the Joint Trial Memorandum, already filed, in an effort to resolve outstanding issues in anticipation of jury selection and the impending trial of this matter.

The agreement reached for a stated sum ended this lawsuit and avoided the trial. Both plaintiffs were present with counsel and agreed to the terms of the settlement. Their presence was <u>required by</u> the settlement conference order issued by United States Magistrate Judge Donna F. Martinez. The order recites that the purpose for a plaintiff with full authority to settle be in attendance ... "means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendants' last offer." That did occur, and there was mutual assent. The Court's order goes on to state that "[T]he requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference." Both plaintiffs herein did attend, and both plaintiffs did agree to the settlement. That agreement is a contract, and what remained to be done was to obtain an appropriate release in exchange for the agreed-upon settlement sum. If, for whatever reason, the plaintiff Cruz has changed his mind, he cannot now walk away from this settlement. See <u>Janus Films Inc.</u>, *supra* at 583.

In Connecticut, a contract is binding if the parties mutually assent to its terms. <u>Omega Engineering, Inc. v. Omega, S.A.</u>, 432 F.3d 437 (2d Cir. 2005) citing <u>Ubysz v.</u>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

DiPietro, 185 Conn. 47, 51 (1981); see Johnson v. Schmitz, 237 F. Supp. 2d 183, 189

(D. Conn. 2002) (applying this rule to settlement agreements). When both parties have

mutually assented to a contract, the agreement is binding even if it is not signed.

Schwarzschild v. Martin, 191 Conn. 316, 321-22 (1983); see Millgard Corp. v. White

Oak Corp., 224 F. Supp. 2d 425, 432 (D. Conn. 2002) (applying this rule to settlement

agreements). The same rule exists under federal law. See Role v. Eureka Lodge No.

434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 318 (2d Cir. 2005) ("[A] voluntary, clear,

explicit, and unqualified stipulation of dismissal entered into by the parties in court and

on the record is enforceable even if the agreement is never reduced to writing, signed,

or filed."). Although the settlement herein was not placed on the record, its terms were

clear and agreed to by the plaintiffs and their counsel before Judge Martinez.

The history of settlement discussions in this case is significant for present

purposes. It was only dollars that separated the plaintiffs from the defendants in

bringing about settlement. At two earlier and lengthy settlement conferences, it was

only the amount of the offered settlement that kept the plaintiffs from resolving this

case. Finally, at the third conference, the plaintiffs agreed to the sum being offered and

mutuality of consent was achieved. To that extent, the settlement agreement is binding

and should be enforced within the framework of the original lawsuit, as a matter of law,

as the terms of the agreement are not in dispute. See Audubon Parking Associates,

supra, at 812. It is an elementary principle of contract law that a party's subsequent

change of heart will not unmake a bargain already made. See Sartor v. Town of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Manchester, 312 F. Supp. 2d 238, 244 (D. Conn. 2004). Further, to the extent Mr. Cruz's remorse concerning this agreed-upon settlement is a product of the amount of compensation for his attorney, this should not be viewed as a reason to vacate the settlement agreement. See Role v. Eureka Lodge, *supra*, at 319.

Given the circumstances presented by the lengthy settlement discussions and efforts by all parties and counsel to bring about a resolution of this matter, it is respectfully submitted that the Court should now enforce the settlement agreement by entering a judgment of dismissal upon the payment of the agreed-upon settlement sum in exchange for both plaintiffs executing the Settlement Agreement and Release.

The plaintiff, Jeffrey Pianka, has executed the Settlement Agreement and Release. The funds are immediately available to discharge the defendants' obligation to this settlement and plaintiffs' counsel was advised of their availability and the City Council's approval as of January 9, 2007. All that is required is for the plaintiff, Pedro Cruz, to execute the Settlement Agreement and Release in accordance with the settlement he agreed to on December 12, 2006. There is no suggestion of fraud or mutual mistake as a basis for the plaintiff, Pedro Cruz, to repudiate this binding contract. Gebbie v. Cadle Co., 49 Conn. App. 265, 276-77, 714 A.2d 678, 684 (1998). Its terms were clear and unambiguous, and he should not be allowed to escape from his obligations. He should be bound by his assent and that given by his agent, Attorney Jon Schoenhorn. To allow otherwise would be prejudicial to the defendants and would disregard the proper utilization of judicial resources. The parties herein bargained for

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and received finality to these lengthy proceedings without the expense and uncertainty of trial for an agreed-upon sum. The plaintiff, Pedro Cruz, for whatever his motives, should not be allowed to avoid his obligations to this settlement agreement.

## III.    CONCLUSION

For the reasons stated herein, in accordance with recognized legal principles, the settlement agreement entered into by the parties to this litigation should be enforced in accordance with its terms and a judgment of dismissal should enter.

> DEFENDANTS:
> CHRISTOPHER MANNING;
> CARLOS OCASIO; AND
> FELIX ORTIZ
>
> BY: _____
> James J. Szerejko
> Fed. Bar No. ct 04326
> HALLORAN & SAGE LLP
> One Goodwin Square
> Hartford, CT  06103
> Tele: (860) 522-6103
> Their Attorneys

-8-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## CERTIFICATION

This is to certify that on this 20th day of February, 2007, the foregoing was either mailed, postpaid, or hand-delivered to:

Jon L. Schoenhorn, Esq.
Schoenhorn & Associates
108 Oak Street
Hartford, CT 06106

James J. Szerejko

953508v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105