UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY PIANKA; | : | |
| PEDRO CRUZ; | : | |
|     Plaintiffs | : | CIVIL ACTION NO. |
| | : | 3:01 CV 153 (AWT) |
| VS. | : | |
| | : | |
| CHRISTOPHER MANNING; | : | |
| CARLOS OCASIO; | : | |
| FELIX ORTIZ; | : | |
|     Defendants | : | JUNE 26, 2007 |

## DEFENDANTS' OBJECTION TO
## PLAINTIFFS' MOTION TO COMPEL DEPOSIT OF SETTLEMENT FUNDS

The defendants, Christopher Manning, Carlos Ocasio and Felix Ortiz, hereby object to the plaintiffs' Motion to Compel Deposit of Settlement Funds, dated June 11, 2007, and state that same is for good cause as follows.

Simply stated, the authorities cited for the propositions advanced by the plaintiffs are inapplicable and of no affect upon the issues presented by the failure of these plaintiffs to provide a duly executed Release and Settlement Agreement and Stipulation to Dismiss, as part of the agreed-upon settlement of December 12, 2006 before this Court (United States Magistrate Judge Donna F. Martinez).

***ORAL ARGUMENT REQUESTED***

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

As the plaintiffs have numbered their claims in eight (8) separate paragraphs, the defendants will provide a response in correlative fashion.

Although the plaintiffs cite Federal Rule of Procedure 67 to support their claims, they have not in any way developed this in the eight (8) paragraphs, and a review of the Rule quickly reveals it does not apply to this set for circumstances.

1.    Attorney Schoenhorn represents both plaintiffs herein and agreed on behalf of and along with his clients that this matter was settled at the settlement conference of December 12, 2006 before United States Magistrate Judge Martinez.

The defendants bargained for and received an agreement that this litigation would terminate and <u>both</u> plaintiffs would execute a Release and Settlement Agreement. To date, only the plaintiff, Jeffrey Pianka, has done so. The plaintiffs' performance herein is partial or incomplete.

2.    Plaintiffs' counsel represents that ... "the defendants have failed or refused to tender any of the settlement proceeds." The defendants did not agree to a settlement with only one plaintiff. They agreed to settle all claims of both plaintiffs, thereby obviating the need for a trial with attendant uncertainties, costs and attorneys' fees, this being an action based, in part, upon 42 U.S.C. Section 1983 with possible consequences pursuant to 42 U.S.C. Section 1988. In this context, half a trial or a portion of a trial is as costly as an entire trial and the need to resolve all claims by both plaintiffs is apparent.

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Further, in that plaintiffs' counsel has <u>never</u> indicated which portion of the proposed settlement funds is to be provided to the plaintiff, Jeffrey Pianka, and, more importantly, the agreed-upon settlement was only a settlement as to both plaintiffs, Attorney Schoenhorn's dilemma in representing the competing or conflicting interests of these plaintiffs should in no way be transferred or placed upon these defendants by alleging that they have failed to tender a portion of the settlement proceeds, or place same in an interest-bearing account. It was never anticipated that there would be a divisible or separate settlement with either of these plaintiffs. It was made clear that this settlement is to all or none. Until the defendants receive their bargained for Release and Settlement Agreement, duly executed by <u>both</u> plaintiffs, along with the Stipulation to Dismiss, executed by their counsel, there is no obligation on the part of the defendants to tender the agreed-upon settlement funds or any portion thereof. Absent such an obligation, there is no basis for the plaintiffs or their counsel to require that funds be placed in an interest bearing account. These plaintiffs have not received their settlement funds because they have not performed in accordance with the settlement agreement reached before this Court on December 12, 2006 and made by them and their counsel, as their respective attorney and agent.

3. The defendants, on or about January 21, 2007, have opposed through formal objections Attorney Schoenhorn's Motion to Withdraw as counsel for the plaintiff, Pedro Cruz, and further have opposed his Motion to Restore this matter to the Court's active docket for reasons stated in those written objections.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

4. The defendants maintain that they have no obligation to place the settlement funds in a separate interest bearing escrow account, and the plaintiffs' reliance upon Rule 1.15 of the Connecticut Rules of Professional Conduct and Conn. Gen. Stat. § 52-195 is misplaced. First of all, counsel for the defendants herein has in his possession a settlement draft, made payable to both plaintiffs and Attorney Schoenhorn as Trustee. This is the check format agreed to by counsel at the time of settlement. This draft cannot be deposited into any interest bearing account without appropriate endorsement or negotiation by the payees. The undersigned advised plaintiffs' counsel of the availability of this draft on or about January 9, 2007. Without the tender of the Release and Settlement Agreement, signed by both plaintiffs, and an executed Stipulation to Dismiss, signed by plaintiffs' counsel, this draft cannot be provided to plaintiffs' counsel, especially under the present circumstances in which Attorney Schoenhorn advises that his client, Pedro Cruz, apparently refuses to sign the Release and Settlement Agreement. This "half of loaf is better than none" reasoning offered by Attorney Schoenhorn is unconvincing, and the record shows that there never was an effort to settle with only one plaintiff herein.

Although the plaintiffs allege that the defendants have ... "obtained a benefit from the withholding of these funds, which they admit belong to the plaintiffs ...," the defendants emphasize that they have not benefited by holding the un-negotiated settlement draft, nor have they admitted in any way that the funds belong to these

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiffs without the tender of the settlement documents fully executed by both plaintiffs.

The plaintiffs' reference to an accounting and severance of interest is a complete misapprehension of existent circumstances. An unendorsed settlement draft cannot be deposited in an interest bearing account. More importantly, the settlement sum is predicated upon a resolution of all claims by both plaintiffs. Severance of amounts or an individual sum for each plaintiff was never part of the discussions that brought about this final settlement, nor would the defendants settle as to only one plaintiff (Pianka) and then be required to go to trial as to the claims of the remaining plaintiff (Cruz). Plaintiffs' counsel is well aware of this and cannot cite any portion of Rule 1.15 of the Connecticut Rules of Professional Conduct to support these unfounded claims.

Additionally, Conn. Gen. Stat. § 52-195c(a) sets a time limit for tendering of settlement funds of 30 days after the receipt of a "duly executed release and a withdrawal discontinuing any court action." These defendants have no such release, duly executed by both plaintiffs, nor a stipulation to dismiss this action to be filed in this Court.

5. Correspondence from plaintiffs' counsel and the response from defense counsel speak for themselves. It is curious that after plaintiffs' counsel's receipt of the defendants' correspondence of April 27, 2007, he never telephoned nor filed any further documents to question the position so taken by defense counsel. This most recent filing is the first response.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

6.   As stated, Conn. Gen. Stat. § 52-195c(a) clearly states that a defendant is not required to tender settlement funds until the receipt of a duly executed release and withdrawal discontinuing any court action. By virtue of Attorney Schoenhorn representing both plaintiffs herein, he is well aware that a duly executed release to effectuate this agreed-upon settlement requires the signature of both plaintiffs. No obligations pursuant to this statute arise until compliance with same, which has yet to occur

Rule 1.15(b) of the Connecticut Rules of Professional Conduct simply does not apply to the circumstances presented by Mr. Cruz's failure to execute the agreed-upon Release and Settlement Agreement. Once again, defense counsel is not in possession of any funds, but only a settlement draft made payable to the two plaintiffs and their counsel as Trustee. That settlement draft has been proper safeguarded, but cannot be deposited without proper endorsement or negotiation of the instrument. To that extent, these are not funds, but an unendorsed settlement draft. The draft will be tendered for purposes of endorsement to plaintiffs' counsel when the defendants receive a duly executed Release and Settlement Agreement, along with a Stipulation to Dismiss. Rule 1.15(b) is in no way applicable to this present situation, and there can be no claim that the rule has been violated.

7.   As stated, Conn. Gen. Stat. § 52-195c provides no basis for the plaintiffs to claim that interest be provided on the settlement proceeds, as the plaintiffs have not fully complied with the settlement agreement by providing a duly executed release,

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

meaning one signed by both plaintiffs, as well as a Stipulation to Dismiss, duly executed by Attorney Schoenhorn.

8.   The fact that plaintiffs claim that the plaintiff, Jeffrey Pianka, at least has complied with all pre-requisites under the Release and Settlement Agreement is meaningless, as the defendants bargained for and received agreement to resolve all claims by both plaintiffs. The simple fact that the plaintiff, Jeffrey Pianka, is willing to stand by the agreement made means nothing unless his co-plaintiff, Pedro Cruz, also fulfills his obligations of the Release and Settlement Agreement. Once again, Attorney Schoenhorn cannot shift his dilemma to the defendants and suggest that a portion of the settlement proceeds can be provided to the plaintiff, Jeffrey Pianka, or that Mr. Pianka is entitled to interest on his portion of the settlement proceeds. Plaintiffs' counsel has never shared with defense counsel the sum that will be provided to either of the plaintiffs. The defendants should not be required to engage in a guessing game to determine who is entitled to what.

The defendants are ready, willing and able to perform pursuant to their obligations of this settlement agreement. Apparently, so is the plaintiff, Jeffrey Pianka. However, the plaintiff, Pedro Cruz, has not performed and the obligations of the plaintiffs are inextricably intertwined with no contemplation of, nor willingness of the defendants to accept partial performance herein.

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

WHEREFORE, the defendants oppose this motion and maintain that the settlement agreement agreed to by all parties and their counsel on December 12, 2006 be enforced, as set forth in the defendants' separate motion of February 20, 2007.

DEFENDANTS:
CHRISTOPHER MANNING;
CARLOS OCASIO; AND
FELIX ORTIZ

BY: _____
James J. Szerejko
Fed. Bar No. ct 04326
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT 06103
Tele: (860) 522-6103

## CERTIFICATION

This is to certify that on this 26th day of June, 2007, the foregoing was either mailed, postpaid, or hand-delivered to:

Jon L. Schoenhorn, Esq.
Schoenhorn & Associates
108 Oak Street
Hartford, CT 06106

_____
James J. Szerejko

1007011v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

-8-

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105