```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JEFFREY PIANKA, et al.,         :
                                :
     Plaintiffs,                :
                                :     CASE NO. 3:01CV153(AWT)
     v.                         :
                                :
CHRISTOPHER MANNING, et al.     :
                                :
     Defendants.                :
```

**RECOMMENDED RULING**

Pending before the court are a series of motions relating to the parties' December 12, 2006 settlement conference, including the defendants' Motion to Enforce Settlement Agreement (Doc. #87), the plaintiffs' Motion to Restore to Docket and/or Relief from Settlement (doc. #81), and the plaintiffs' Motions to Compel Deposit of Settlement Funds (doc. #89, 91). Also pending is plaintiffs' counsel's motion to withdraw from representation of plaintiff Pedro Cruz (doc. #82). Oral argument on these motions was held on August 14, 2007.

**A.   Factual Background**

The plaintiffs, Pedro Cruz and Jeffrey Pianka, claim that the defendant police officers violated their civil rights. According to the complaint, on February 7, 1998, the defendants were dispatched to investigate a domestic dispute in progress. At the scene, the plaintiffs and the defendant officers had an altercation. Both plaintiffs both suffered injuries, and both were charged with criminal offenses.

The complaint sets forth five causes of action. The first count is a 42 U.S.C. § 1983 claim that the defendants, *inter alia*, retaliated against the plaintiffs because they engaged in speech protected by the First Amendment, unlawfully arrested and detained the plaintiffs, and maliciously prosecuted the plaintiffs. The second count is a 42 U.S.C. § 1983 claim that defendants Ocasio and Ortiz unlawfully entered plaintiff Cruz's dwelling in violation of the Fourth Amendment. The third count is a 42 U.S.C. § 1983 claim that the defendants, *inter alia*, used excessive force against the plaintiffs in violation of the Fourth Amendment. The fourth count sets forth common law claims for trespass, assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress and malicious prosecution. Finally, the fifth count sets forth claims for violations of Article I, sections 4, 5, 7 and 9 of the Connecticut Constitution. The court granted in part and denied in part summary judgment on May 27, 2005 (doc. #47).

The undersigned held settlement conferences with the parties on December 8, 2005 and May 22, 2006. On December 12, 2006, there was another settlement conference, and the case was reported settled. (Doc. #77.) An order dated December 12, 2006 stated that an order of dismissal would be entered on January 11, 2007 "unless closing papers are filed on or before that date, or unless counsel reports prior to that date that the case is not in

fact settled." (Doc. #78.) The defendants subsequently prepared a written settlement agreement, releases and a stipulation of dismissal. (Schoenhorn Aff., doc. #100; Szerejko Aff, doc. #104.) Each of the plaintiffs went to their attorney's office in late December 2006 and received a release for signature. (Schoenhorn Aff., doc. #100). Plaintiff Pianka signed his release. Plaintiff Cruz, however, did not sign the release and has been unresponsive to his counsel's communications since then. The instant motions followed.

**B.   Attorney Schoenhorn's Motion to Withdraw**

Plaintiffs' counsel, Attorney Schoenhorn, moves to withdraw as counsel to plaintiff Cruz. (Doc. #82.) He argues that Cruz's refusal to communicate with him presents a conflict of interest because he presumes that Cruz is unhappy with the settlement.

The court has a great deal of discretion in deciding a motion for withdrawal of counsel. See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999); Hakim v. Leonhardt, 126 Fed. Appx. 25, 26 (2d Cir. 2005). Local Rule 7(e) governs withdrawals of appearances, as follows:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing

>    counsel, the Court may grant the motion to withdraw the
>    appearance after notice to the party that failure to
>    either engage successor counsel or file a pro se
>    appearance will result in the granting of the motion to
>    withdraw and may result in a dismissal or default being
>    entered against the party.

D. Conn. L. Civ. R. 7(e). "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'" Whiting v. Lacara, 187 F.3d 317, 320-321 (2d Cir. 1999) (quoting Brown v. National Survival Games, Inc., No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)).

As a first step in determining whether good cause exists for a withdrawal, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court. See Whiting, 187 F.3d at 321; Hakim, 126 Fed. Appx. at 26 ("Codes of Professional Conduct, such as the Connecticut Rules of Professional Conduct and the Model Code, guide our assessment of whether 'good cause' to withdraw exists"). Under Connecticut's Rules of Professional Conduct, withdrawal is governed by Rule 1.16, which reads in its entirety as follows:

>    (a) Except as stated in subsection (c), a lawyer shall not
>    represent a client or, where representation has commenced,
>    shall withdraw from the representation of a client if:
>       (1) The representation will result in violation of the
>       Rules of Professional Conduct or other law;
>       (2) The lawyer's physical or mental condition materially
>       impairs the lawyer's ability to represent the client; or
>       (3) The lawyer is discharged.

    (b) Except as stated in subsection (c), a lawyer may withdraw from representing a client if:

        (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

        (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

        (3) The client has used the lawyer's services to perpetrate a crime or fraud;

        (4) The client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

        (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

        (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

        (7) Other good cause for withdrawal exists.

    (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

    Attorney Schoenhorn moves to withdraw because plaintiff Cruz will not communicate with him, which he takes to mean that Cruz must be unhappy with the settlement. Attorney Schoenhorn argues that this results in a conflict of interest for him because the two plaintiffs have different positions on the settlement.

    At the oral argument held on this motion, plaintiff Cruz failed to appear despite being served with notice of the hearing and being ordered to appear. (Docs. #97, 98; 8/14/07 Transcript.)

    Attorney Schoenhorn has not established any grounds for

mandatory withdrawal pursuant to Rule 1.16(a) of the Rules of Professional Conduct.  In particular, he has not established, nor argued, that "[t]he representation will result in violation of the Rules of Professional Conduct or other law."  Rules of Professional Conduct 1.16(a)(1).

As to permissive withdrawal, Attorney Schoenhorn has failed to demonstrate good cause.  This case was settled on December 12, 2006, before the plaintiff stopped communicating with his counsel[1], and the court anticipates no further proceedings.  Granting this motion would needlessly delay proceedings and would prejudice the defendants and plaintiff Pianka, all of whom believed this case to be resolved last December.

Moreover, pursuant to Local Civil Rule 7(e), withdrawal normally shall not be granted "except upon a showing that other counsel has appeared or that the party has elected to proceed pro se."  Despite notice of this motion to withdraw, plaintiff Cruz has failed to engage counsel or file a *pro se* appearance.[2]

The court recommends that the motion to withdraw (doc. #82) be denied.

---

[1] As discussed below, apart from Mr. Cruz's lack of communication, the court has no evidence that Mr. Cruz actually disputes the enforcement of the settlement agreement.

[2] Counsel for the plaintiff sent Mr. Cruz a copy of his Motion to Withdraw, which was filed in January 2007, and advised him months ago to retain another attorney.  (Schoenhorn Aff., doc. #100, ¶¶ 7-8.)

C.  **Motion to Restore and Motion to Enforce**

On January 31, 2007, the plaintiffs moved to restore the case to the docket on the grounds that plaintiff Cruz has not signed his release and has been unresponsive to his counsel's communications. (Doc. #81.) In response, the defendants moved to enforce the settlement agreement (doc. #87).

In support of the defendants' motion, defense counsel submitted an affidavit in which he states that "on December 12, 2006, with both plaintiffs herein present, a settlement was reached and agreed to by all parties." (Szerejko Aff., doc. #104, ¶ 5.) Counsel further avers that "plaintiffs' counsel confirmed, on behalf of his clients, that a settlement agreement had been reached as to the agreed-upon sum." (Id., ¶ 15.) He indicates that the settlement "avoided an imminent trial." (Id., ¶ 13.) Defense counsel subsequently prepared and forwarded to plaintiffs' counsel a settlement agreement, release and stipulation to dismiss. (Id., ¶ 7.) The settlement check for the agreed-upon amount "has been available to be tendered to plaintiffs' counsel as trustee for both plaintiffs as of January 8, 2007." (Id., ¶ 9.)

Plaintiff Pianka does not oppose enforcement of the settlement agreement. Plaintiff Cruz's position is unknown. The court's order scheduling the August 14, 2007 hearing stated "Plaintiffs Jeffrey Pianka and Pedro Cruz are required to be present at the hearing and are advised that the defendants seek

7

to enforce a settlement agreement reached on December 12, 2006. [Plaintiffs' counsel] is ordered to deliver a copy of this order to both plaintiffs." (Doc. #95.) The plaintiffs' counsel served both plaintiffs with a copy of that order. (Docs. #97,98; 8/14/07 Transcript.)

Plaintiff Pianka appeared at the hearing, but plaintiff Cruz did not appear. Plaintiffs' counsel represented that Cruz was given a copy of the release in late December 2006 and did not express any problems with it. However, Cruz did not return the release and, since that time, has not contacted his attorney or responded to counsel's many efforts to contact him. (See Transcript of 8/14/07 hearing; see also Schoenhorn Aff., doc. #100.) As a result of this lack of communication, plaintiffs' counsel does not know Cruz's position on the settlement. (See id.)

Plaintiffs' counsel has not filed a response to the Motion to Enforce, and argues that his potential conflict of interest as between the two plaintiffs precludes him from taking any position on the motion. Plaintiffs' counsel agreed in open court, as a factual matter, that at the last settlement conference the defendants offered a sum of money to the plaintiffs, that the plaintiffs met with their counsel and agreed to that sum, and that the pending trial was avoided as a result of the case being reported settled. (See Transcript of 8/14/07 hearing.) The parties agreed the defendants would make one payment to both

8

plaintiffs. (Id.)³ Plaintiff's counsel indicated that there was an agreement between the plaintiffs at that time as to the apportionment of the settlement proceeds between them. (Id.) However, that separate arrangement was not a part of the settlement agreement with the defendants. (Id.)

"Under Connecticut law the proponent of a contract must prove the existence of a valid agreement by a preponderance of the evidence." Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447 (2d Cir. 2005). Once the existence of a settlement agreement is established, the burden of proof is on the party seeking to prevent enforcement of the settlement. "One who attacks a settlement agreement must bear the burden of showing that the contract he made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Brown v. Nationscredit Commer. Corp., Case Number, 2000 U.S. Dist. LEXIS 9153 (D. Conn. 2000) (quoting Callen v. Pennsylvania R.R. Co., 332 U.S. 625, 630 (1948)); see also Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447 (2d Cir. 2005).

The court has the power to enforce a settlement agreement reached in a case pending before it. Acot v. New York Med. College, 99 Fed. Appx. 317, 317 (2d Cir. 2004) (citing Janus

---

³The undersigned presided over all settlement conferences and is in accord with both counsel that at the final conference the defendants offered a sum of money to the plaintiffs which was accepted by them.

9

Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986)).  An oral settlement agreement is enforceable even if not reduced to writing or put on the record.  See, e.g., Brents v. Esprit de Corps Resource Group, LLC, No. 3:02CV1958(DJS), 2004 U.S. Dist. LEXIS 19633, *6 (D. Conn. 2004).  "[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing."  MacDonald v. Dragone Classic Motor Cars, No. 3:95cv499(JBA), 2003 U.S. Dist. LEXIS 14587 at *19 (D. Conn. 2003).  "'When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.'"  Acot, 99 Fed. Appx. at 318 (quoting United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994)).

   The court has thoroughly reviewed the entire record, including the parties' briefing and affidavits.  The court finds that an enforceable settlement agreement was reached on December 12, 2006.  There is no dispute about the settlement amount or any of the other terms of the agreement.

   Even assuming plaintiff Cruz opposes the enforcement of the settlement agreement, he has failed to meet his burden of proof.  He was present at the settlement conference, where settlement was reached with assent of all parties.  For months following the

10

conference, his attorney attempted to contact him, and went so far as to advise him to retain another attorney. (Schoenhorn Aff., doc. #100, ¶¶ 7-8.) He was ordered to appear at the August 14, 2007 hearing and informed that it concerned enforcement of the settlement agreement. In the face of it all, he has voiced no objection to the settlement.

The court therefore recommends that the defendants' Motion to Enforce (doc. #87) be granted and that plaintiffs' Motion to Restore to Docket (doc. #81) be denied. The court finds that both plaintiffs have settled this lawsuit in full, and that in consideration of the sum that the defendants agreed to pay in settlement, the plaintiffs released all claims that were raised or could have been raised in this litigation. All terms of the settlement reached on December 12, 2006 should be enforced.[4] Although the defendants have asked for an order requiring the plaintiffs to sign releases and stipulations of dismissal, the court finds that these formalities are unnecessary in light of this ruling.[5]

### D. Motions to Compel Deposit of Settlement Funds

The plaintiffs have filed two identical motions seeking an

---

[4] The settlement check should be made out to Attorney Schoenhorn as trustee for both plaintiffs in accordance with the parties' agreement.

[5] This is a Recommended Ruling which is not final until approved by the District Judge. The defendants may therefore wait for such approval before tendering the settlement funds.

11

order compelling the defendants "to deposit funds due to the plaintiffs from a settlement purportedly reached on December 12, 2006 into an interest bearing escrow account." (Docs. #89, 91.) The plaintiffs base their argument on Conn. Gen. Stat. §52-195c.

Conn. Gen. Stat. § 52-195c provides that "when an action to recover damages has been settled, any settling defendant shall tender all sums due from such settling defendant to any settling plaintiff or such plaintiff's agent not later than thirty days after receipt . . . of a duly executed release and a withdrawal discontinuing any court action . . ." Rule 1.15(a) requires attorneys to hold the funds of clients and/or third persons in separate interest-bearing accounts, but it does not address settlements specifically.

On its face, Conn. Gen. Stat. § 52-195c does not apply here because the defendants have received neither a duly executed release nor a withdrawal of the lawsuit. The plaintiffs' Motions to Compel Deposit of Settlement Funds should be denied.

**E.   Conclusion**

As set forth herein, the court recommends that Attorney Schoenhorn's Motion to Withdraw as Attorney (doc. #82) be denied, the defendants' Motion to Enforce Settlement Agreement (doc. #87) be granted, the plaintiffs' Motion to Restore to Docket (doc. #81) be denied, and the plaintiffs' Motions to Compel Deposit of Settlement Funds (docs. #89, 91) be denied. If the district court approves this recommended ruling, the case may be closed.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992).  "[F]ailure to timely object to a magistrate judge's report within ten (10) days will preclude appellate review."  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut, this 31st day of August, 2007.

　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　Donna F. Martinez
　　　　　　　　　　　United States Magistrate Judge